## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MATTHEW I. WILLIAMS,

**Plaintiff,**

v.                                                    **CASE NO. 25-3228-JWL**

RENO COUNTY CORRECTIONAL
FACILITY, et al.,

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Matthew I. Williams, a state prisoner currently incarcerated at Reno County Correctional Facility ("RCCF") in Hutchinson, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff proceeds pro se and in forma pauperis. (*See* Doc. 3.) The Court has reviewed the complaint and has identified deficiencies, set forth below, which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures those deficiencies.

### I.   Nature of the Matter before the Court

Plaintiff names as Defendants the RCCF and Deputy C. Seidl, Corporal C. Becker, A. Baca-Perez, J. Stone, N. Hoffman, and C. Haury, all of whom work at the RCCF. (Doc. 1, p. 1.) As the factual background for this complaint, Plaintiff alleges that on August 12, 2025, Defendants "threatened, mishandled, mistreated, and beat up" Plaintiff. *Id.* at 2. Specifically, Plaintiff states he was sprayed with three five-to-twelve-second bursts of mace within 10 minutes, after which Defendants escorted him to a shower cell. *Id.* Plaintiff, who was handcuffed, was unable to clean himself or to breathe, yet Defendants refused to let him out even after he said he could not breathe.

1

*Id.* Plaintiff then "banged [his] head" until they took him from the shower cell. *Id.* Plaintiff was still handcuffed, but Defendants slammed him on the floor, kneed him in the head and nose multiple times, which split his nose open. *Id.* at 3. Plaintiff asserts that Defendants then cut off circulation to his brain, asphyxiating him and causing two blood vessels to burst. *Id.* at 2. Plaintiff also states that he coughed up blood and was unable to breathe properly for a week. *Id.* at 3.

In Count I of the complaint, Plaintiff alleges the violation of his Fourth Amendment rights by the use of excessive force. *Id.* As the supporting facts for Count I, Plaintiff alleges that Defendant Seidl intentionally kneed him in the back with full force, restricting his breathing, and wrapped his arm around Plaintiff's neck. *Id.* Plaintiff further alleges that Defendant Becker maced him and Defendants Saiz, Baca-Perez, Hoffman, and Haury used their knees to restrict his breathing. *Id.*

In Count II, Plaintiff alleges the violation of his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* As the supporting facts for Count II, Plaintiff points to his allegations that he was kneed in the nose and head and was suffocated. *Id.* In Count III, Plaintiff alleges the violation of his First Amendment right to free speech. *Id.* at 4. As the supporting facts for Count III, Plaintiff asserts that during the incident, he said, "'Fuck you, [b]itch," to Defendant Baca-Perez, who was manhandling him. *Id.* In response, Defendant Seidl slammed Plaintiff on the floor. *Id.* As relief, Plaintiff seeks broad injunctive relief to protect the safety and security of inmates, including himself. *Id.* at 5. He also seeks punitive and compensatory damages in the amount of $250,000. *Id.*

## II.    Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous,

fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct,

much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## III. Discussion

### Defendants

First, this action is subject to dismissal as it is brought against the RCCF. A jail facility is not a proper defendant because it is not a "person" subject to suit under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66, 71 (1989);  *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) (unpublished) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

Second, this action is subject to dismissal as it is brought against Defendant Stone because Plaintiff has failed to allege facts showing Defendant Stone's personal participation in any constitutional violations. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by

each defendant that violated plaintiff's federal constitutional rights. General references to actions taken by Defendants as a group are insufficient.

The complaint in this matter contains no specific allegations of any actions by Defendant Stone. Although Plaintiff may have intended to include Defendant Stone in some of the allegations about "Defendants" as a whole, Plaintiff must clearly "isolate the allegedly unconstitutional acts of each defendant." *See Twombly*, 550 U.S. at 565, n.10. This specificity is required so that the individual defendants and the Court can "ascertain what particular unconstitutional acts" each defendant is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). Because the complaint contains no specific factual allegations related to Defendant Stone, Defendant Stone is subject to dismissal from this matter.

### Failure to State a Claim

Count I of the complaint asserts a claim of excessive force under the Fourth Amendment. As the Tenth Circuit explained:

It is especially critical to identify the precise constitutional basis for an excessive-force claim because it "can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment ... and each carries with it a very different legal test." *Est. of Booker v. Gomez*, 745 F.3d 405, 418–19 (10th Cir. 2014) (quoting *Porro*, 624 F.3d at 1325); *see also Emmett v. Armstrong*, 973 F.3d 1127, 1134 (10th Cir. 2020) ("Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendments."); *accord DeLade v. Cargan*, 972 F.3d 207, 210 (3d Cir. 2020) ("Simply put, if [the plaintiff's] claim of unlawful arrest and pretrial detention sounds in the Fourth Amendment, then it cannot be asserted under the Due Process Clause of the Fourteenth Amendment."). The appropriate amendment for a § 1983 excessive-force action "depend[s] on 'where the plaintiff finds himself in the criminal justice system' at the time of the challenged use of force." *McCowan v. Morales*, 945 F.3d 1276, 1282–83 (10th Cir. 2019) (quoting *Est. of Booker*, 745 F.3d at 419); *see also Porro*[ *v. Barnes*], 624 F.3d [1322,] 1325 [(10th Cir. 2010)] ("The choice of amendment matters. Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment—all depending on where the defendant finds himself in the criminal justice system....").

. . . Because the Fourth Amendment protects against unreasonable searches and seizures, it applies at the earliest phase, beginning with any claim that "arises

> in the context of an arrest or investigatory stop of a free citizen." *Emmett*, 973 F.3d at 1134 (quoting *Graham*, 490 U.S. at 395); *see also Est. of Booker*, 745 F.3d at 419 ("Any force used 'leading up to and including an arrest' may be actionable under the Fourth Amendment's prohibition against unreasonable seizures." (quoting *Porro*, 624 F.3d at 1325)).

*Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (unpublished), *cert. denied* Feb. 21, 2023.

The facts alleged in the complaint now before the Court, even liberally construed, do not indicate that the allegedly unconstitutional force on which Plaintiff bases Count I occurred while he was a free citizen. Thus, Plaintiff has not stated a plausible claim in Count I that his Fourth Amendment rights were violated and Count I is subject to dismissal.

In Count II, Plaintiff asserts an Eighth Amendment violation based on the allegedly excessive force. The Eighth Amendment controls excessive force claims that are based on facts occurring after an individual is convicted of a crime and is imprisoned based on that conviction. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *Porro*, 624 F.3d at 1325-26 ("[P]risoners already convicted of a crime who claim that their *punishments* involve excessive force must proceed under . . . the Eighth Amendment's 'cruel and unusual punishments' clause."). Thus, if Plaintiff was a convicted prisoner on August 12, 2025—when the force underlying his claims occurred—he may proceed under the Eighth Amendment on his excessive force claim.

But if Plaintiff was a pretrial detainee at the time of the events in question, any excessive force claim must be brought under the Fourteenth Amendment. This is because excessive force constitutes punishment and the United States "Supreme Court has made clear that under the Fourteenth Amendment, a 'detainee may not be *punished* prior to an adjudication of guilt in accordance with due process of law.'" *See Geddes*, 2020 WL 3371010 at *4 (citing *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019), which quoted *Bell v. Wolfish*, 441 U.S. 520, 535

(1979)). A claim that excessive force constituted cruel and unusual punishment of a convicted prisoner in violation of the Eighth Amendment is reviewed under a different standard than a claim that excessive force constituted punishment of a pretrial detainee in violation of the Fourteenth Amendment. *See Geddes*, 2020 WL 3371010 at *7. Therefore, the Court must determine whether Plaintiff was a pretrial detainee or a convicted prisoner on August 12, 2025 in order to determine whether Plaintiff has stated a plausible claim for relief under the Eighth Amendment. It cannot do so from the facts alleged in the complaint now before the Court. Plaintiff will be given time in which to file a complete and proper amended complaint that indicates whether he was a pretrial detainee or a convicted prisoner at the time of the alleged excessive force.

Count III also is subject to dismissal for failure to state a claim. In Count III, Plaintiff asserts the violation of his First Amendment right to free speech based on Defendant Seidl's violent reaction to Plaintiff's profane insult to Defendant Baca-Perez. Liberally construed, this appears to be a claim that Defendant Seidl unconstitutionally retaliated against Plaintiff for the insult, which Plaintiff asserts was protected by the First Amendment. The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Even liberally construing the facts alleged in the complaint and taking all of those facts as true, Plaintiff has failed to show that his statement to Defendant Baca-Perez was constitutionally protected speech. As the Tenth Circuit has explained:

> Prisons are unique. "Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison." *Gee*

[*v. Pacheco*], 627 F.3d [1178,] 1185 [(10th Cir. 2010)]. "[P]risoners' rights may be restricted in ways that would raise grave First Amendment concerns outside the prison context." *Id.* at 1187 (quoting *Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989)). "Consequently, a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts." *Id.* at 1185.

      An inmate does not have a First Amendment right to make violent, explicit, or harassing statements, at least when he has been warned not to. *See Kervin v. Barnes,* 787 F.3d 833, 835 (7th Cir. 2015) (concluding that "backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected"); *Lockett v. Suardini,* 526 F.3d 866, 874 (6th Cir. 2008) (holding that prisoner's characterization of hearing officer as "a foul and corrupted bitch" violated prison regulation prohibiting insolent behavior and wasn't protected by the First Amendment); *Cowans v. Warren,* 150 F.3d 910, 912 (8th Cir. 1998) (concluding that prisoner disciplined for "using abusive and insulting language" in violation of prison rule failed to state claim for retaliation because he was disciplined for acts he wasn't entitled to perform); *Ustrak v. Fairman,* 781 F.2d 573, 580 (7th Cir. 1986) (finding that a prison rule prohibiting "being disrespectful to any employee of the institution ... swearing, cursing, or us[ing] ... any other vulgar, abusive, insolent, threatening, or improper language" did not violate an inmate's First Amendment rights).

      As these cases illustrate, prison restrictions on inmate expression are common. Therefore, to raise a plausible claim, an inmate must allege facts showing that an imposed restriction violated prison regulations or that the restriction was unconstitutional under the circumstances. *See Gee,* 627 F.3d at 1190.

*Turner v. Falk*, 632 F. App'x 457, 460–61 (10th Cir. 2015) (unpublished); *see also Huff v. Mahon*, 312 F. App'x 530, 532 (4th Cir. 2009) (adopting district court's reasoning and finding that "[a]n inmate does not have a First Amendment right to direct disrespectful comments to a prison official, whether verbally or in writing, because the prison's legitimate penological interests in promoting order and discipline, and in controlling violence clearly necessitate the prohibition of such comments"); *Denson v. Rios*, 2019 WL 7161695, *5 (D. Colo. Dec. 23, 2019) ("Plaintiff's comment—backtalk to a prison official—is not constitutionally protected activity.").

Plaintiff's statement to Defendant Baca-Perez was not constitutionally protected speech. Thus, he has failed to state a plausible claim that Defendant Seidl violated his First Amendment rights by unconstitutionally retaliating against him for engaging in protected speech. To be clear,

the allegation that Defendant Seidl physically assaulted Plaintiff in response to Plaintiff's statement may lend support to an excessive force claim under the Fourteenth or Eighth Amendments, as discussed above. But it is not a sufficient basis for a plausible *First Amendment* claim of unconstitutional retaliation for the exercise of the right to free speech, which is what Plaintiff asserts in Count III. The First Amendment claim in Count III is therefore subject to dismissal for failure to state a claim on which relief could be granted.

## IV.     Amended Complaint Required

As explained above, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. Plaintiff may not refer his initial complaint or attempt to incorporate it by reference. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (25-3228) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient additional facts to show that each defendant personally participated in a federal constitutional violation, as discussed above. He must clearly identify the right he believes was violated in each Count, and he must cure all the deficiencies identified in this order, including clarifying whether he was a pretrial detainee or a convicted prisoner at the time of the relevant events. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including December 15, 2025, to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 13th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge